IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL ACTION NO. WDQ-96-192 |
| DWAYNE IVIN CLARK, #32174-037 | : |
| | : |

ooo000ooo

**MEMORANDUM**

Pending is Dwayne Ivin Clark's Motion for Relief under Rule 60(b) (5) & (6) of the Federal Rules of Civil Procedure. As relief, Clark requests "reopening" of his criminal judgment. The Court will deny the Motion by separate Order.

**Background**

Clark pleaded guilty to conspiracy to distribute and possess with the intent to distribute a mixture containing heroin. On March 13, 1997, the Court sentenced Clark to 262 months incarceration and five years of supervised release. At sentencing, Clark was assigned criminal history points for prior offenses, including a 1989 state conviction for possession with intent to distribute heroin and a 1991 state conviction for failure to file a state tax return. Trial counsel did not raise any objections to Clark's criminal history score. The Fourth Circuit affirmed the conviction and sentence on appeal. *See United States v. Clark*, 145 F.3d 1326 (4th Cir. 1998) (unpublished).[1]

Clark's subsequent 28 U.S.C. §2255 motion alleged that trial counsel was ineffective for failing to argue that his prior drug conviction and the tax evasion convictions were related offenses to the conspiracy and therefore should not have counted toward his criminal history. This Court granted relief as to the drug conviction, and denied relief as to the tax evasion conviction. *See Clark v. United*

---

[1] On appeal, Clarke argued that a three-level upward adjustment at sentencing constituted clear error.

*States*, Civil Action No. WDQ-99-1233 (D. Md). This Court held a resentencing hearing on June 8, 1999. By order entered June 15, 1999, the judgment was amended to impose a total term of 235 months and five years supervised release. The Fourth Circuit affirmed the decision on appeal. *See United States. v. Clark*, 203 F. 3d 823 (4th Cir. 2000) (unpublished). The Fourth Circuit denied Clark's later request for authorization to file a successive 28 U.S.C. § 2255 motion.

**Discussion**

(i) Claims Presented

Clark claims that the extraordinary relief provided under Rule 60(b) is warranted because "he never received an adjudication on the merits of the issue presented of whether he was erroneously assessed five criminal history points for a 'prior' conviction which actually occurred during the underlying conspiracy that he was sentenced for and which should have been counted under related conduct pursuant to U.S.S.G. §4A1.2 and 1B1.3 instead of counting toward his criminal history score." Motion, p. 3. He notes that the Fourth Circuit stated "there is no settled law on the subject." Petition, p. 3.[2] Clark states that the instant motion "challenges both, the District Court and the Court of Appeals' failure to address the merits of the issue raised, at the time he was sentenced, and on the appeal from the District Court's decision rendered at the hearing, thus it is not the equivalent of a successive habeas." Motion, p. 8. In support of his request for relief, he relies on *United States v. Pauley*, 289 F.3d 254, 259 (4th Cir. 2002) and *United States v. Hodge*, 354 F.3d 305 (4th Cir. 2003).

(ii) Analysis

---

[2] In affirming denial of Clark's claim of ineffective assistance for failure to argue tax evasion, the Fourth Circuit said "because there is no settled law on the subject, counsel did not act unreasonably by failing to recognize the issue posed by Clark or by not developing an innovative argument in his favor." *United States v. Clark*, 203 F.3rd 823, *2 (4th Cir. 2000).

This motion prompts consideration as to whether the claims raised are properly presented in a Rule 60(b) motion or in a second or successive 28 U.S.C. §2255 motion to vacate, set aside or correct. Clark specifically requests that the instant motion be considered pursuant to Rule 60(b) and not be construed as a second or successive motion under 28 U.S.C. §2255, Motion, p. 8. The subject matter of a motion, however, and not the caption assigned to it by a petitioner determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

A Rule 60(b) motion may not be used to circumvent the rule requiring that successive §2255 petitions first receive authorization from the Court of Appeals. *See* 28 U.S.C. §§2244(a) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive petition for writ of habeas corpus. *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). By "on the merits" the Supreme Court referred to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief." *See Gonzales*, 545 U.S. at 532 n. 4. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *See United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003).

Clark has failed to state a valid claim under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) applies only to civil judgments and is not a procedural vehicle to obtain direct relief from a criminal judgment. As such, his reliance on *Gonzales*, 545 U.S. at 524 is misplaced. The defendant in *Gonzalez* filed a Rule 60(b) motion seeking relief from judgment in habeas corpus proceedings, which is civil in nature. Clark's argument in contrast clearly attempts

3

to reassert a previously presented claim attacking his underlying criminal sentence. Clark's claim of ineffective assistance for failure to raise tax evasion as relevant conduct was fully considered by this Court in the review of his first §2255 motion. Clark may not now restyle his claim in an attempt to revisit the §2255 motion without first obtaining prior authorization from the Fourth Circuit. Consequently, this motion is properly considered under 28 U.S.C. §2255, and must be dismissed because there is no evidence that Clark has obtained prior authorization to file a successive § 2255 motion.[3]

Further, Clark's reliance on *Pauley* and *Hodge* is misplaced. Neither case involved a criminal history assessment for tax evasion in relation to a conspiracy offense. It bears noting too that the Fourth Circuit found nothing in the record to suggest the underlying criminal proceeding was fundamentally unfair or unreliable, concluding that "[e]ven if counsel had objected to the assessment of criminal history points based on the conviction for tax evasion, there is no guarantee that the challenge would have been successful." *United States v. Clark,* 203 F.3d at *3. Clark's position lacks factual or legal merit.

(ii)  Rule 60(b)

Even were these claims properly considered under Rule 60(b), they would be unavailing. Fed. R. Civil P 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ..." (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from

---

[3] The Court will direct the Clerk to mail an information packet for obtaining authorization from the Fourth Circuit to file a successive §2255 petition.

the operation of the judgment."   Rule 60(b) specifies that motions for relief from judgment must be made "within a reasonable time." Fed. R. Civ. P 60(c) (1)Clark raises his claims some five years after the *Pauley* and *Hodge* decisions were  rendered. This Motion was filed approximately nine years after his resentencing. Clark's lack of diligence is unexplained, and the claims were not presented within  "reasonable time." Rule 60(b) (6) provides an extraordinary remedy granted only in exceptional circumstances. *See Reid v. Angelone,* 369 F.3d 363, 370 (4th Cir.  2004); *Valero Terrestrial Corp. v. Paige*,  211 F. 3d 112, 118 n. 2 (4th Cir. 2000).  Clark has made no showing of extraordinary circumstances, and relief is unwarranted.

## Conclusion

For these reasons, the Court will deny the Rule 60(b) Motion.  A separate Order follows.


September 10, 2008                                              /s/
Date                                                    William D. Quarles, Jr.
                                                        United States District Judge